**In the Matter of John A. WALTER, III.**

**No. 1083 S 361.**

Supreme Court of Indiana.

Aug. 3, 1984.

Mark R. Harris, Valparaiso, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a Conditional Agreement for Discipline submitted by the Indiana Supreme Court Disciplinary Commission and the Respondent, John A. Wal-ter, III. The Respondent has also submitted his Affidavit as required by Ind.R. A.D. 23, Section 17(a).

The Disciplinary Commission has charged the Respondent with violating Disciplinary Rule 1–102(A)(2) and 7–105(A) of the *Code of Professional Responsibility for Attorneys at Law* by threatening to bring criminal charges for the purpose of obtaining an advantage in a civil matter.

Upon examination of the tendered agreement, this Court now finds that it should be approved and adopted. Accordingly, we find that the Respondent represented the plaintiffs, Langstons, in an ejectment action in the Lake Superior Court against Mr. and Mrs. Jostes. The Josteses held a lease, with an option to purchase, from Respondent's clients and had listed the property for sale with Mrs. Jostes' mother, who was a realtor.

At some point after a dispute arose, Mrs. Jostes tendered a check to the Respondent in the amount of Seven Hundred Dollars ($700) for back rent due and owing. Mrs. Jostes subsequently stopped payment on the check and the check was returned for non-sufficient funds. Thereafter, the Respondent authored a letter and caused it to be sent to Mrs. Jostes' realtor, Alice Wright, wherein he threatened to initiate criminal action with the Lake County Prosecutor's Office if Mrs. Wright did not withdraw the listing of the Langston property immediately. Respondent's conduct in threatening to use the public criminal process in order to coerce his adversary in a civil dispute involving private rights, has served to subvert the judicial process and to diminish public confidence in our legal system. In accordance with the agreement of the parties and in light of the foregoing considerations, this Court now finds that the Respondent has engaged in misconduct. We find further that the agreed discipline, a public reprimand, is appropriate under the circumstances of this case.

It is, therefore, ordered that the Respondent, John A. Walter, III, is hereby reprimanded and admonished for the unprofessional conduct set out herein.

Costs of this proceeding are assessed against the Respondent.